25AB-CC00042

Electronically Filed - FRANKLIN COUNTY - February 24, 2025 - 11:57 AM

## IN THE 20TH JUDICIAL CIRCUIT COURT OF FRANKLIN COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| **BEVERLY SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Cause No.: |
| **v.** | ) | |
| | ) | Division: |
| **DOLGENCORP, LLC** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Serve:  CSC-Lawyers Incorporating Service | ) | |
| Company | ) | |
| As Registered Agent | ) | |
| 221 Bolivar St. | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| **Defendant.** | ) | |

## PETITION

COMES NOW, Plaintiff, Beverly Smith (hereinafter "Plaintiff"), by and through her counsel, Christopher J. Hinckley of Morgan & Morgan, P.A., and for her cause of action against Defendant, Dolgencorp, LLC (hereinafter "Defendant"), states to the Court as follows:

## PARTIES

1.     At all times relevant hereto, Plaintiff was a citizen and resident of the State of Missouri.

2.     At all times material to this action, Defendant was a foreign limited liability company with its principal place of business in the State of Tennessee, which upon information and belief, regularly solicits and transacts business in the State of Missouri.

## VENUE AND PERSONAL JURISDICTION

3.     Venue is proper in the Circuit Court of Franklin County pursuant to RSMo § 508.010 because Plaintiff was first injured in Franklin County.

1

Electronically Filed - FRANKLIN COUNTY - February 24, 2025 - 11:57 AM

4.      Jurisdiction is proper over the Defendant in the State of Missouri pursuant to RSMo § 506.500 because Defendant committed tortious acts within the State of Missouri and transacted business within the State of Missouri.

## FACTUAL ALLEGATIONS

5.      At all times herein relevant, Defendant owned, possessed, controlled, operated and/or managed the property known as Dollar General located at 177 Highway AT in Villa Ridge, Franklin County, Missouri (hereinafter "the Premises").

6.       At all times material to this action, Defendant was responsible for the inspection, maintenance, cleaning and repair of the Premises, including but not limited to, all floors and aisles on the Premises.

7.      At all times material to this action, Plaintiff was a customer of Dollar General and was lawfully upon the Premises as a business invitee.

8.      At all times material to this action, Defendant knew or should have known about stacking the carts so close to the aisles on the Premises.

9.      On or about March 15, 2023 at or around 1:15 P.M., Plaintiff was shopping in the store approaching the checkout when her cart and/or foot caught on the metal basket holder that was too close to the aisle, causing her to fall to the ground sustaining severe injuries including but not limited to a broken right femur which required surgical intervention.

10.      At all times relevant herein, Plaintiff was in the exercise of ordinary care and caution for her own safety.

Electronically Filed - FRANKLIN COUNTY - February 24, 2025 - 11:57 AM

## COUNT I – NEGLIGENCE

11.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein and further alleges:

12.     At all times material to this action, Defendant owed non-delegable duties to Plaintiff to keep and maintain the premises in a reasonably safe condition, to warn Plaintiff of hazards and/or dangerous conditions of which it knew or should have known about and to remedy any hazards and/or dangerous conditions of which it knew or should have known about.

13.     At all times material to this action, the metal basket holder that was too close to the aisle constituted and created a dangerous, hazardous and/or defective condition.

14.     The injuries and damages alleged by Plaintiff were directly and proximately caused by the negligence committed by Defendant by and through its agents, employees and/or representatives, when it breached its duties in at least the following respects, to wit:

    a.     Negligently failing to maintain or adequately maintain the floor and aisles on the Premises, thus creating a hazard to and unreasonably dangerous condition for invitees upon the Premises, including Plaintiff;

    b.     Negligently creating a hazard to invitees upon the Premises, including Plaintiff, thus creating an unreasonably dangerous condition for Plaintiff;

    c.     Negligently failing to inspect or adequately inspect the floors and aisles on the Premises to ascertain whether the metal basket holder that was too close to the aisle constituted a hazard to invitees upon the premises, including Plaintiff, thus creating an unreasonably dangerous condition for Plaintiff;

3

Electronically Filed - FRANKLIN COUNTY - February 24, 2025 - 11:57 AM

    d.        Negligently failing to warn or adequately warn Plaintiff of the danger on the Premises created by the metal basket holder that was too close to the aisle, when Defendant knew or through the exercise of reasonable care should have known that said metal basket holder that was too close to the aisle was unreasonably dangerous and that Plaintiff was unaware of or could not avoid the same;

    e.        Negligently failing to barricade or otherwise prevent the invitees, including Plaintiff, from the dangerous, hazardous and/or defective condition created by the metal basket holder that was too close to the aisle; and

    f.        Negligently failing to or improperly attempting to remove, remedy, repair, correct and/or adequately correct the unreasonably dangerous condition when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

15.    Each and all of the aforementioned acts of Defendant, by and through its employees and/or agents, both of commission and omission, were negligent, and constituted negligence.

16.    Each and all of the aforementioned acts by Defendant, by and through its employees and/or agents, both of commission and of omission, were a direct and proximate cause of the damages and injuries hereinafter described.

17.    As a direct and proximate result of the aforesaid acts by Defendant, by and through its employees and/or agents, both of omission and commission, Plaintiff suffered serious, painful, and permanent injuries including but not limited to a broken right femur requiring surgical intervention.

4

Electronically Filed - FRANKLIN COUNTY - February 24, 2025 - 11:57 AM

18.     As a direct and proximate result of the aforesaid acts by, both of omission and commission, Plaintiff became sick, sore, lame, and disordered.

19.     As a direct and proximate result of the aforesaid acts by Defendant, by and through its employees and/or agents, both of omission and commission, Plaintiff has suffered, and will hereafter suffer, physical pain, suffering, mental anguish, inconvenience, physical impairment, disability, scarring, disfigurement and loss of capacity to enjoy life.

20.     As a direct and proximate result of these injuries, Plaintiff has been obliged to seek medical treatment and incur expenses, and will require future medical treatment, incurring additional expenses.

21.     Plaintiff's aforesaid injuries are permanent, serious, and progressive in their nature.

WHEREFORE, Plaintiff, Beverly Smith, prays for damages against Defendant, Dolgencorp, LLC, in a fair and reasonable amount in excess of $25,000.00, for her costs incurred in bringing suit, and for such other and further relief as the Court deems just under the circumstances.

Respectfully submitted,

MORGAN & MORGAN, P.A.

BY:     */s/Christopher J. Hinckley*
Christopher J. Hinckley #75433
200 N. Broadway, Ste. 720
St. Louis, MO 63102
(314) 955-1030
(314) 655-9705 – Fax
Email: chinckley@forthepeople.com
phenriquez@forthepeople.com
whitney.young@forthepeople.com
lauren.swindle@forthepeople.com
**ATTORNEYS FOR PLAINTIFF**